**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RONY LEONARDO LOPEZ VASQUEZ,

    Petitioner,

    v.                                   No. 2:26-cv-00520-SMD-KRS

PAMELA BONDI, *et al.*,

    Respondents.

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus. Doc. 1. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

### BACKGROUND

Petitioner Rony Leonardo Lopez Vasquez, a citizen of Guatemala, is being held in Immigration and Customs Enforcement's ("ICE's") custody at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶¶ 6, 12. Petitioner has resided in the United States since May 2021 and is not subject to a final order of removal. *Id.* ¶¶ 12–13. Petitioner has not specified whether he had prior contact with immigration authorities, such as attending check-in appointments or being released on bond. On January 10, 2026, ICE arrested Petitioner in St. Cloud, Minnesota as part of the "Operation Metro Surge." *Id.* ¶ 15. Petitioner alleges that while driving his vehicle in a proper manner, masked agents wearing ICE tactical vests arrested him without presenting a warrant. *Id.* ¶ 16. Petitioner alleges that the agents did not know his name, instead calling out a name that was not his. *Id.* Petitioner alleges that despite his lack of resistance

and provocation, the ICE agents broke his driver's side window, pointed a firearm at his head, and forcibly removed him from the vehicle to take him into custody. *Id.*

Following his apprehension, Petitioner was initially detained in Texas before being transferred to New Mexico, where he remains in custody. *Id.* ¶ 19. Petitioner alleges substandard conditions of confinement, specifically that he has been denied necessary medical care for his asthma and anxiety, deprived of adequate access to water, and provided insufficient nutrition. *Id.* ¶ 20.

Petitioner challenges his ongoing detention, asserting that the denial of a bond hearing violates the Immigration and Nationality Act, the Administrative Procedure Act, and Due Process. *Id.* ¶¶ 38–54. Accordingly, Petitioner requests immediate release or, alternatively, a constitutionally adequate bond hearing.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303.  Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings.  *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention.  *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest. *Jennings*, 583 U.S. at 303.  Because Petitioner has resided in the United States since 2021 and was apprehended in the U.S. interior, he falls outside the scope of mandatory detention under § 1225(b)(2)(A).  *See* Doc. 1 ¶ 34.  That subsection applies to applicants for admission, such as those who present at a port of entry or are apprehended in the immediate vicinity of the border.  *See id.* ¶ 37.  Rather, Petitioner is entitled to a bond hearing under § 1226(a).  *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.    The Government's Detention of Petitioner Violates His Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. Because Petitioner was arrested in the U.S. interior and has no criminal record, he is not subject to mandatory detention under § 1225(b)(2)(A) or § 1226(c).

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v.*

*Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 9 at 1–2. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to Minnesota;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or

5

copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**